IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Kirby,<br><br>    Plaintiff,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Defendant. | No. CV-23-02619-PHX-SHD (MTM)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SHARAD H. DESAI, UNITED STATES DISTRICT JUDGE:

**I.   Summary of Conclusion**

This matter is before the Court on its own review. Plaintiff failed to effect service on Defendant Mocha and the service deadline has expired. Accordingly, the Court will recommend that Plaintiff's claims against Defendant Mocha be dismissed without prejudice under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

**II.   Background**

On December 15, 2023, Plaintiff Brian Kirby filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) On July 17, 2024, the Court screened the Complaint and ordered Defendants Pelton, Mocha, Masters, Pennington-Stallcup, Ragsdale, Beard, Astrada, Nanson, Rossetto, Davis, Young, McClellan, Godlevsky, and Fielder to answer

the Complaint.[1] (Doc. 28.) The Court also stated, if Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of the screening order, whichever is later, the action may be dismissed as to each Defendant not served. (*Id.*)

The record reflecting that Defendant Mocha was never properly or timely served, the Court issued an Order requiring Plaintiff to show cause why Defendant Mocha should not be dismissed under Fed. R. Civ. P. 4(m) for failure to complete service. (Doc. 92.) Plaintiff has not responded to the Court's Order or otherwise effected service on Defendant Mocha, and the time for doing so has expired.

### III. Discussion

#### a. Rule 4(m)

As an initial matter, Plaintiff has failed to timely serve Defendant Mocha under Rule 4(m) of the Federal Rules of Civil Procedure, which requires that service be completed within 90 days of the date the complaint was filed.

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

> Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect. *See Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

*Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

---

[1] The Court also gave Plaintiff 120 days from the filing date of its Order in which to discover, by subpoena or otherwise, the actual identity of Defendant Jane Doe, and to file a "notice of substitution" providing that Defendant's actual name. (Doc. 28.)

Here, Plaintiff has neither filed proof of service on Defendant Mocha nor shown good cause why the action should not be dismissed against her. Accordingly, the Court will recommend the action be dismissed without prejudice as to Defendant Mocha for failure to serve under Rule 4(m) of the Federal Rules of Civil Procedure.

**b.     Rule 41(b)**

Plaintiff's action may also be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to comply with this Court's Orders. Rule 41(b) of the Federal Rules of Civil Procedure provides "[i]f the plaintiff fails to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case as to Defendant Mocha. Plaintiff's failure to effect service on Defendant Mocha as directed, prevents the case from proceeding against her in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less

drastic alternative is available. The Court has already ordered Plaintiff to show cause why this matter should not be dismissed and Plaintiff has not responded.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Therefore, the Court will recommend dismissal of this action without prejudice as to Defendant Mocha pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint (Doc. 1) be **dismissed without prejudice** as to Defendant Mocha under Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 22nd day of September, 2025.

Honorable Michael T. Morrissey
United States Magistrate Judge

- 4 -